UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ANNIE BELL, ET AL                                        CIVIL ACTION

VERSUS                                                   NO.  06-3197

DAIQUIRIS & CREAMS NO. 8,                                SECTION "K"(3)
INC., ET AL


ORDER AND OPINION


Before the Court is the "Motion for Summary Judgment filed on behalf of defendant Daiquiris & Cream No. 8, Inc. (Doc. 62). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

BACKGROUND

At approximately 10:00 p.m. on June 17, 2005, Annie Bell, Pamela Bonner, Ellen Carter, Beverly Compton,  Ashley Crenshaw, Janice Crenshaw, Sheri Crenshaw-Davis, Marixa Crenshaw, Consuel Dickinson, Deidre Jones, Tiffany King, Connie D. Lacey, and Selena Moore (herein after "the Group"), each an African American woman, entered the Daiquiris & Creams #8 store on Lapalco Boulevard.  There were a number of other patrons in  Daiquiris & Creams store when the Group entered the store, including at least one African American male.

The Group arranged several tables together and sat down.  Ashley Crenshaw went to the counter and ordered a gallon of daiquiris from Desiree Elliott, a Caucasian bartender.  Ms. Elliott charged Ms. Crenshaw $17.00 for the gallon of daiquiris.  Ashley Crenshaw returned to the tables occupied by the Group, with thirteen cups and the gallon of daiquiris.  The women passed the gallon of daiquiris around the table so that those who wanted to pour some into their cup could do so. Because one gallon was not enough for everyone,  approximately five minutes after purchasing the

first gallon of daiquiris, Ashley Crenshaw returned to the counter to purchase a second gallon of daiquiris.  Melissa Bautista, the night manager, waited on Ms. Crenshaw and charged Ms. Crenshaw $22.00 for the gallon.  When Ashley Crenshaw asked Ms. Bautista about the price difference, Ms. Bautista allegedly told her that the other bartender had given her a "hookup."  Ashley Crenshaw returned to the group at the tables to collect the additional $5.00, and then returned to the counter and paid for the gallon.

While it is undisputed that Daiquiris & Cream No. 8, Inc.  has a policy  that gallons of daiquiris are sold "to go" only and may not be consumed on the premises, there is a dispute as to whether Ms. Bautista advised Ashley Crenshaw of the policy at the time she purchased the second gallon of daiquiris.  Additionally, plaintiff's do not dispute defendant's statement that there was a sign in the store stating that "Half Gallons And Gallons Are To Go Only"; however, no plaintiff recalls seeing the sign while they were in the store.

Ms. Bautista saw that the group was consuming the first gallon on site, but chose not enforce the "to go" policy until after the Group had purchased the second gallon and began drinking it on the premises.  At that point Ms. Bautista approached the women and advised them that they could not drink daiquiris purchased by the gallon on site and asked the Group to leave.  They  refused to leave.  Several minutes later Ms. Bautista returned to the table and told the Group that they needed to leave or that she would call the police.  When the Group did not leave, Ms. Bautista allegedly announced "last call for alcohol, last dance, " turned on the lights, turned off the neon "open" sign, asked that the music be turned off, and appeared to call the police.    Eventually the women left the store and waited in the parking lot for the police and their ride to arrive.

After the group exited the store they noticed that white patrons had remained in the store,

that the neon "open" sign was turned back on,  and that other patrons in the parking lot went back into the store.

When the police failed to arrive, Consuel Dickinson called the police who later arrived. Plaintiffs assert that when the police arrived the manager came out to the parking lot,  that she returned to the store at the request of the police, and that as she was returning to the building she said "Hoorah, let's go f—ing party."

The Group filed suit against Daiquiris &  Cream No. 8, Inc. and its insurer Alea London, Ltd., seeking damages for the denial of their civil rights under 42 U.S.C. §2000a and La. Rev. Stat. 51:2264 as well as damages for intentional infliction of emotional distress under Louisiana Civil Code Article 2315.  Plaintiffs also sought an injunction under 42 U.S.C. 2000a-6 and attorneys fees pursuant to 42 U.S.C. §1988.  Defendant Daiquiris &  Cream No. 8 filed a motion for summary judgment seeking to dismiss all plaintiffs' claims, which plaintiffs oppose.[1]

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its

---

[1] The Court notes that plaintiffs' "Memorandum in Opposition to Motion for Summary Judgment" (Doc. 76) omitted Tiffany King's name from the list of plaintiffs on whose behalf plaintiffs' counsel filed the motion.  Assuming that omission was inadvertent, the reasoning applied herein to other plaintiffs is equally applicable to Tiffany King, and accordingly her claims are dismissed.  If however, the omission of Tiffany King's name from the opposition was intentional, then no opposition has been filed on her behalf,  and the defendant's motion is granted without opposition as to her claims.

motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

a) Claims Under La. Rev. Stat. 51:2264[2]

Plaintiffs acknowledge that the statute does not apply. Therefore, plaintiffs' claims under La. Rev. Stat. 51:2264 are dismissed.

b) Claims Under 42 U.S.C. §2000a

---

[2]Section 2264 of Title 51 of the Louisiana Revised Statutes provides in pertinent part that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . on the grounds of race . . . ."

Title 42 U.S.C. §2000a (a)  provides in pertinent part that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  The statute further provides that when state law prohibits discriminatory practices in public accommodation and the state law has established or authorized a state or local authority from which relief for the challenged practice can be sought, "no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person . . .."42 U.S.C. §2000a-3(c).  Defendant urges that plaintiffs' claim should be dismissed as premature because they did not file a written notice of the challenged acts with  the Louisiana Commission on Human Rights.

Plaintiffs concede that they did not provide notice to the Louisiana Commission on Human Rights prior to filing this lawsuit, but urge that the requirement of notice is not mandatory, and therefore their suit is not premature.  I disagree.  The statute unequivocally states that before a civil action may be filed, a plaintiff is required to give written notice of the alleged act of discrimination to the appropriate state or local authority.  The language of the statute embraces the well established policy of federal-state comity which provides a  state with the initial opportunity to address an alleged violation of an individual's federal  rights.  In *Boyle v. Jerome Country Club*, 883 F.Supp. 1422, 1427 (D. Idaho 1995), in dismissing plaintiff's claim under §2000a, where as here, plaintiff failed to notify the appropriate state agency of the alleged violation prior to filing his complaint in federal court, the court stated "a vital jurisdictional prerequisite to this suit is absent."  That same jurisdictional prerequisite is missing in this case.  Because plaintiffs failed to provide written notice

5

of the alleged violations to the Louisiana Commission on Human Rights, their claims under 42 U.S.C. §2000a are premature and are dismissed without prejudice.  *White v. Denny's Inc.,* 918 F.Supp. 1418, 1423 (D. Colo. 1996); *see also Evans v. Harry's Hardware, Inc.*, 2001 WL 1190987 at n.4 (E.D. La. October 5, 2001).

c) Claim under 42 U.S.C. §1988

Plaintiffs allege a claim for attorneys fees, costs and expenses pursuant to 42 U.S.C. §1988(b)  which allows an award of attorneys fees to a prevailing party in actions and proceedings to enforce  provisions or sections of various enumerated statutes.  It is undisputed that 42 U.S.C. §2000 a is not one of the enumerated statutes under §1988. Plaintiffs have not cited any authority, nor has the Court located any, which would permit an award under §1988 to a prevailing party on a claim brought under 42 U.S.C. §2000a.  Accordingly, plaintiffs claims under §1988 are dismissed.

d) Intentional Infliction of Emotional Distress

Pursuant to Louisiana Civil Code Article 2315, plaintiffs seek damages for intentional infliction of emotional distress.  To recover for intentional infliction of emotional distress, a plaintiff must establish: 1) that the defendant's conduct was extreme and outrageous; 2) that the emotional distress suffered by the plaintiff was severe; and 3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from the conduct.  *White v. Monsanto Company*,  585 So.2d 1205, 1209 (La. 1991).

To defeat  this motion for summary judgment, plaintiffs must produce sufficient evidence to raise a genuine issue of material fact as to each of the three elements of intentional infliction of emotions distress.  Because each plaintiff  has  failed to present any evidence that raises a genuine issue of material fact as to whether she suffered  "severe emotional distress," Daiquiris and Cream

6

No, 8, Inc. is entitled to summary judgment on this claim.

The standard for establishing "severe" emotional distress is high.  The distress "must be more than a reasonable person would be expected to endure."  *Nicholas v. Allstate Insurance Company*, 765 So.2d 1017, 1027 (La. 2000).  "Liability arises only where the mental suffering or anguish is extreme."  *White v. Monsanto*, 585 So.2d at 1210.

Only two of the plaintiffs, Ellen Carter and Connie Lacey characterized the harm they suffered as "severe" emotional harm.  Ellen Carter testified in her deposition that "when I go out to different places in public, I feel uncomfortable," and that she felt "uneasy" out in public.  (Doc. 76-5, p. 39-41).  Connie Lacey also characterized the emotional harm she suffered as "severe."  Specifically she stated that she had been under "tremendous stress" and had experienced mental anxiety, hair loss and depression. (Doc. 76-12, p. 23).  The remaining plaintiffs specifically deny having sustained "severe" emotional harm, and in general describe their distress as having feelings of embarrassment and humiliation and feeling bad.  None of the plaintiffs sought medical treatment, therapy, or counseling for the emotional damages allegedly sustained.  Moreover, the evidence submitted by plaintiffs does not suggest that any plaintiff experienced emotional distress which altered their daily activities or disrupted their life.  No plaintiff provided evidence creating a genuine issue of material fact as to whether the emotional distress she experience was "such that no reasonable person could endure it."  Accordingly, Daiquiris & Cream No. 8, Inc. is entitled to summary judgment on plaintiffs' claims for intentional infliction of emotional distress.

Because plaintiffs have failed to establish a genuine issue of material fact on the issue of severe emotional distress, the Court need not analyze whether there is a genuine issue of material fact as to whether defendant's conduct was extreme and outrageous and whether defendant desired

to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from the challenged conduct. Accordingly,

IT IS ORDERED that the motion for summary judgment filed on behalf of defendant Daiquiris & Cream No. 8, Inc. be GRANTED, and that the claims of plaintiffs Annie Bell, Pamela Bonner, Ellen Carter, Beverly Compton,  Ashley Crenshaw, Janice Crenshaw, Sheri Crenshaw-Davis, Marixa Crenshaw, Consuel Dickinson, Deidre Jones, Tiffany King, Connie D. Lacey, and Selena Moore be dismissed.[3]

New Orleans, Louisiana, this 6th day of June, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Considering the granting of this  motion for summary judgment, the Motion to Dismiss filed on behalf of defendant Daiquiris & Cream No. 8, Inc. (Doc. 35) and the "Motion for Summary Judgment" filed on behalf of defendant Alea London, Ltd. (Doc. 63) are Denied as Moot.